Original

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
APR 7 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| (1) HOME BUYERS WARRANTY CORPORATION, § § § | |
| Petitioner, § § | A06CA256 SS |
| v. § | Civil Action No. _____ |
| (1) CAROLYN BARNES, § § § | |
| Respondent. § | |

## ORIGINAL PETITION OF HOME BUYERS WARRANTY TO COMPEL ARBITRATION AND TO STAY STATE ACTION

Petitioner Home Buyers Warranty Corporation (hereinafter "HBW") herein files this Petition to Compel Arbitration and to Stay State Action against Respondent Carolyn Barnes and would show the Court as follows:

### I. PARTIES

1. HBW is a Colorado corporation with its principal place of business at 2675 South Abilene Street, Aurora, Colorado.

2. Respondent Carolyn Barnes is an individual who resides in Williamson County in the State of Texas.

### II. JURISDICTION AND VENUE

3. The jurisdiction of this Court over the subject matter of this Petition is predicated on 28 U.S.C. ' 1332 and 9 U.S.C. ' 4. The amount in controversy, as set forth in the pleading file with this Petition as Exhibit 4, exceeds $75,000, exclusive of interest and costs.

### III.  GENERAL ALLEGATIONS

4.  HBW administers a nationwide home warranty program. Under this program, new homes enrolled in the program are issued, concurrently with the initial sale closing, a limited warranty against certain construction defects. Attached hereto as Exhibit 1 is a sample HBW limited warranty.

5.  Respondent contends that her home, located at 419 Leander Trail, Leander, Texas, was enrolled in the HBW Program, and issued an HBW Warranty such as Exhibit 1 herein, effective December 2, 2002.

6.  The HBW Warranty on the subject property contains the following arbitration clause:

> "Any and all claims, disputes and controversies arising under or relating to this Agreement, including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, and breach of any alleged duty of good faith and fair dealing, shall be submitted to arbitration by and pursuant to the rules of Construction Arbitration Services, Inc. (hereinafter "CAS") in effect at the time of the request for arbitration.   *   *   *   The decision of the arbitrator shall be final and binding and may be entered as a judgment in any State or Federal court of competent jurisdiction.
>
> *   *   *
>
> The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the provisions of the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.), now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule [sic] shall be inconsistent with any provisions of the rules of the arbitral association under which the arbitration proceeding shall be conducted, the latter rules shall govern the conduct of the proceeding." (Exh. 1, pp. 6-7.)

7.  Construction Arbitration Services, Inc. (hereinafter ACAS") is the arbitration service designated in the HBW arbitration clause to administer arbitrations under the HBW Warranty.

Exhibit 6 to this Petition is a true and correct copy of the applicable CAS Rules for the Arbitration of Home Warranty Disputes.

8.  Filed herewith as Exhibit 4 is a true and correct copy of a First Amended Original Petition filed by Respondent against HBW in the District Court, 277th Judicial District, Williamson County in the State of Texas on or about May 31, 2005. Respondent thereby contends that (1) she entered into a contract with a builder for the construction of her home, (2) the construction contract provided that the home would be issued an HBW Warranty which covered construction defects thereat, (3) the builder's construction was such that the home is nothing more than a "poor, defective, and deplorable" wreck, (4) the builder breached the construction contract by *inter alia* failing to deliver an HBW Warranty that covers the alleged defects at the home, (5) Respondent is entitled to rescission of the $243,010 construction contract and/or damages for breaches thereof, and (6) HBW is jointly and severally liable for the builder's liability because the HBW Warranty's coverage is either insufficient or illusory. These claims are subject to the arbitration clause in the HBW Warranty.

9.  Respondent has not dismissed HBW from their First Amended Original Petition in State Court. Respondent refuses to submit to CAS arbitration.

WHEREFORE, Petitioner prays as follows:

    A.  That Respondent Carolyn Barnes be ordered to arbitrate before CAS, pursuant to the CAS Rules for the Arbitration of Home Warranty Disputes, all claims alleged against HBW in *Carolyn Barnes v. Edward C. Kirkpatrick d/b/a Kirkpatrick Builders, et al.*, 27th Judicial District, Williamson County, Texas, Cause No. 04-263-C277;

    B.  That, pursuant to 28 U.S.C. § 2283, this Court should order that the

state court proceedings against HBW in *Carolyn Barnes v. Edward C. Kirkpatrick d/b/a Kirkpatrick Builders, et al.*, 27th Judicial District, Williamson County, Texas, Cause No. 04-263-C277, be stayed pending conclusion of the arbitration to be ordered herein, and;

    C.    That HBW be awarded such other relief as the Court deems proper.

Respectfully submitted,

**BUSH & MOTES P.C.**

By: /s/ James Rudnicki
ROBERT L. BUSH
State Bar No. 03496400
JAMES W. RUDNICKI
State Bar No. 24006148
4025 Woodland Park Boulevard, Suite 190
Arlington, Texas 76013
(817) 274-5992
(817) 261-1671 (Fax)

ATTORNEYS FOR PETITIONER HOME BUYERS WARRANTY CORPORATION